**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0073n.06
Filed: January 27, 2006

No. 04-2120

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee** | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JANET SYKES, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| **Defendant-Appellant** | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, MARTIN, and GILMAN, Circuit Judges

**MERRITT, Circuit Judge.**  In this direct criminal appeal after a plea of guilty, the defendant-appellant, Janet Sykes, seeks reconsideration in the District Court of her sentence.  She asserts that the District Court imposed an eight-level enhancement or upward adjustment based upon the amount of loss in this mail fraud case.  The upward adjustment was made by the District Court pursuant to the Sentencing Guidelines § 2B1.1(b)(1)(E).  It is conceded by the parties that the upward adjustment or enhancement was not based upon an admission by Sykes as a part of her guilty plea nor was the underlying loss giving rise to the eight-level adjustment determined by a jury.

The government in response asserts that this was error in light of the *Booker* case, but it asks the Court to rule that the error was harmless.  The government concedes that our Court has already

ruled on this harmless error argument and that we are bound to rule against the government until

such time as the Court decides to take the question for en banc review:

> Although Sixth Circuit precedent is clearly to contrary, *see*, *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005); the government continues to seek rehearing of that adverse authority through whichever petition (if any) the Sixth Circuit grants. Should this Court decide to not grant any petition for rehearing *en banc*, then the government concedes remand in this case is required. The government respectfully seeks to preserve its argument on this point.

(Brief of Appellee, p. 8.)

In light of the fact that our Court has already ruled on this question and in light of the fact

that one panel of the Court may not overrule a prior panel, our panel must vacate the sentence in this

case and remand the case for reconsideration in light of the *Booker* case.

Accordingly, it is so ORDERED.